NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0471n.06

Case No. 15-6012

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 15, 2016
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| MARGARET BOAZ, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| FEDEX CUSTOMER INFORMATION | ) | TENNESSEE |
| SERVICES, INC.; FEDERAL EXPRESS | ) | |
| CORPORATION, d/b/a FedEx, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: CLAY, ROGERS, and McKEAGUE, Circuit Judges.

PER CURIAM. Plaintiff Margaret Boaz brought suit against her employer, Defendants Federal Express Corporation and FedEx Customer Information Services, Inc. (collectively "FedEx") under both the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the Equal Pay Act, 29 U.S.C. § 206(d) (the "EPA"). Boaz alleged that FedEx violated the EPA by paying her less than it had paid a male employee, Jim Terrell, for performing the same duties. She also alleged that FedEx failed to pay overtime compensation to her as required by the FLSA.

Following a four-day bench trial, the district court entered judgment in favor of FedEx on all of Boaz's claims. Boaz then brought a motion to alter or amend the judgment, which the district court also denied. Boaz now appeals, arguing that the district court's factual findings with respect to her EPA claim were clearly erroneous. The district court's ruling on her FLSA claim is not before us on appeal.

1

On appeal from a bench trial, we may set aside the district court's findings of fact only if they are clearly erroneous, and we review the district court's conclusions of law *de novo*. *Moorer v. Baptist Mem'l Health Care Sys.*, 398 F.3d 469, 478-79 (6th Cir. 2005); *see also* Fed. R. Civ. P. 52(a)(6) (stating that, following a bench trial, "[f]indings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous"). This deferential standard of review requires reversal only if we are "left with the definite and firm conviction that a mistake has been committed." *Hance v. Norfolk So. Ry. Co.*, 571 F.3d 511, 517 (6th Cir. 2009) (per curiam). "The burden is on the appellant to prove such a mistake, and this burden is not met merely by demonstrating a conflict in the testimony, nor by seeking to redetermine the credibility of witnesses. Moreover, the appellate court must review the facts in the light most favorable to the appellee." *Harrison v. Monumental Life Ins. Co.*, 333 F.3d 717, 722 (6th Cir. 2003) (internal citations omitted).

The district court found—and the parties do not contest on appeal—that Boaz carried her burden of establishing a prima facie case under the EPA, as she was paid less than Terrell for performing the same duties. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974) (holding that, to establish a prima facie case of discrimination at step one, a plaintiff "must show that an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" (quoting 29 U.S.C. § 206(d)(1)).

Since the parties do not dispute that Boaz presented a prima facie case of discrimination, the next step is for FedEx to offer a gender-neutral justification for that wage differential. *See id.* at 196; *Balmer v. HCA, Inc.*, 423 F.3d 606, 613 (6th Cir. 2005), *abrogated on other grounds by Fox v. Vice*, 563 U.S. 826 (2011). After reviewing the record, we conclude that the district court

did not clearly error in finding that FedEx had established its affirmative defense that a factor other than sex, *i.e.*, the reorganization of its staff, caused it to pay different salaries to Boaz and Terrell, and that that factor was adopted for a legitimate business reason. The standard of review is dispositive, and Boaz's efforts to reargue the facts are not persuasive. Interpreting the evidence in a light most favorable to the district court's judgment, the judgment was amply supported. There was testimony that FedEx's reclassification of Boaz's position was done for a legitimate reason, and Boaz presented no persuasive evidence to dispute that. Moreover, there was no evidence that FedEx's decision to reclassify Boaz was motivated by gender bias. Nor is there any support in the record for Boaz's argument that FedEx did not comply with the affirmative defense pleading requirement.

To the extent Boaz challenges the credibility of FedEx's witnesses—namely, by arguing that they lied during discovery and at trial—this aspect of Boaz's argument asks us to determine credibility, which is something we cannot do. *See Harrison*, 333 F.3d at 723 ("Since we are not free to disregard the district court's credibility assessment, the verdict must stand if [plausible evidence] supports [it.]"); *Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005) ("[T]he district court's findings based on the credibility of the witnesses before it are entitled to great deference on appeal.").

Since the district court's factual findings are not clearly erroneous, and the district court correctly applied the law to the facts it found, we **AFFIRM** its judgment.